COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Bray and Fitzpatrick
Argued at Richmond, Virginia


SHAWN ANTONIO COLES, s/k/a
 SEAN COLES
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0693-95-2     JUDGE JOHANNA L. FITZPATRICK
                                         MARCH 26, 1996
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    James B. Wilkinson, Judge

            Felipita Athanas for appellant.

            John K. Byrum, Jr., Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellee.


     Shawn Antonio Coles (appellant) was convicted in a bench

trial of possession of cocaine with intent to distribute.  He

contends that the trial court erred in failing to suppress

evidence recovered during a warrantless search of his automobile.

 Finding no error, we affirm.

     On October 14, 1994, Officers Misiano and Ford of the

Richmond Police Department conducted a surveillance operation in

the 2500 block of Bradby Street in Richmond in response to

complaints of drug dealing.  During this surveillance, at 10:00

p.m., Misiano saw appellant approach a parked car, open the

trunk, pull out a baggie with white powder, remove some of the

powder to give to another individual, place the baggie back in

     [*]Pursuant to Code § 17.116.010 this opinion is not
designated for publication.

the trunk, and close the trunk. Misiano believed that the baggie contained cocaine. Misiano recognized appellant and knew that there was an outstanding warrant for his arrest on an unrelated charge. He did not arrest appellant at the time of the initial observation, but chose to complete the surveillance operation.

Approximately three and one-half hours later, the officers saw appellant walking a block and a half from the parked car where they had earlier seen him involved in what they believed to be a drug transaction. At that time, they arrested him on the outstanding breaking and entering warrant. In a search incident to the arrest, the officers found car keys and a beeper. The officers returned appellant to the car where they had seen him earlier, opened the trunk, and retrieved the baggie of white powder. The car, which at that time was found to be inoperable, was later towed to the police station. The baggie contained 20.56 grams of cocaine.

At the suppression hearing, Misiano testified that the officers acted without obtaining a search warrant because: "[A]t that time we didn't know if there were any other keys to that vehicle floating around out there. We didn't want the vehicle to leave the area. And, we had limited manpower at the time." The trial court overruled the suppression motion, stating: "I think the exigency of the circumstances of the automobile [justified the search;] he could have had a buddy that saw him arrested, a girlfriend, anybody could take the car away."
Searches conducted without prior

> judicial approval are _per se_ unreasonable under the Fourth Amendment, subject to exceptions allowed when exigencies require warrantless searches. Under the well-established automobile exception to the warrant requirement, an automobile may be searched without a warrant where there are both probable cause to believe the car contains evidence of crime and exigent circumstances.

McCary v. Commonwealth, 228 Va. 219, 227, 321 S.E.2d 637, 641 (1984) (citations omitted). "[P]robable cause exists when the facts and circumstances within the officer's knowledge, and of which he has reasonably trustworthy information, alone are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed." Derr v. Commonwealth, 6 Va. App. 215, 219-20, 368 S.E.2d 916, 918 (1988) (quoting Taylor v. Commonwealth, 222 Va. 816, 820, 284 S.E.2d 833, 836 (1981), cert. denied, 456 U.S. 906 (1982)).

> An automobile's mobility and the likelihood that evidence will be lost or destroyed if the automobile is permitted to continue on its way present exigent circumstances justifying an exception to the warrant requirement. . . . Where police have secured or seized an automobile to be searched, . . . risk of removal of the car or its contents may still exist and justify an immediate warrantless search.

McCary, 228 Va. at 228, 321 S.E.2d at 641. "The exigency may arise at any time and the fact that the police may have obtained a warrant earlier does not negate the possibility of a current situation's necessitating prompt police action." Patty v. Commonwealth, 218 Va. 150, 156, 235 S.E.2d 437, 441 (1977)

(quoting <u>Cardwell v. Lewis</u>, 417 U.S. 583, 595-96 (1974)), <u>cert. denied</u>, 434 U.S. 1010 (1978).

In the instant case, both probable cause and exigent circumstances were present. The officers' observations of appellant's earlier behavior at the car provided ample probable cause to believe a drug transaction had occurred. The decision to continue their surveillance rather than immediately arrest appellant does not dissipate this finding. Additionally, exigent circumstances existed because the cocaine was in the automobile. The Virginia Supreme Court has held that exigent circumstances exist even when the police secure a vehicle on private property and the vehicle is inoperative. <u>See</u> <u>Patty</u>, 218 Va. at 156-57, 235 S.E.2d at 441. This car was parked on a public street in an area where drug transactions were being observed. The officers had reason to believe that drugs were in the car's trunk and that "there were other keys to that vehicle floating out there." Thus, both the necessary probable cause and exigent circumstances existed to support the search.

Lastly, even if the search had been flawed, the doctrine of inevitable discovery would apply to this case. "Inevitable discovery has long been recognized in Virginia as an exception to the exclusionary rule." <u>Walls v. Commonwealth</u>, 2 Va. App. 639, 655, 347 S.E.2d 175, 184 (1986). For the inevitable discovery doctrine to apply, the Commonwealth must show:
> (1) a reasonable probability that the
> evidence in question would have been
> discovered by lawful means but for the police

4

                    misconduct, (2) that the leads making the
                    discovery inevitable were possessed by the
                    police at the time of the misconduct, and (3)
                    that the police also prior to the misconduct
                    were actively pursuing the alternative line
                    of investigation.

Id. at 656, 347 S.E.2d at 185 (quoting United States v. Cherry,

759 F.2d 1196, 1204 (5th Cir. 1985)).

        In the instant case, the requirements of the inevitable

discovery doctrine are clearly met.  The police could have towed

the vehicle and conducted an inventory search because appellant

was already under arrest for the unrelated breaking and entering

charge.  Thus, the officers had information that would have led

to the inevitable discovery of the cocaine, and they actively

pursued this alternative line of investigation.

        Accordingly, we affirm the conviction.

                                            Affirmed.